JOHN F. BERGIN v. DULUTH MARINE SUPPLY COMPANY AND OTHERS.[1]

May 18, 1923.

No. 23,376.

**Decision of jury on questions of fact final.**

Verdict of jury on questions of negligence of truck driver and contributory negligence of pedestrian final, being pure questions of fact. [Reporter.]

Action in the district court for St. Louis county to recover $10,565 for injuries caused by the negligent driving of defendant company's truck, and for expenses incidental thereto. The case was tried before Dancer, J., who when plaintiff rested denied defendants' motion to dismiss and at the close of the testimony denied the motion of defendant company for a directed verdict, and a jury which returned a verdict for $2,100. Defendants' motion for judgment notwithstanding the verdict or for a new trial, was denied. From the judgment entered pursuant to the verdict the supply company appealed. Affirmed.

*Cotton, Neukom & McDevitt,* for appellant.
*McHugh & O'Donnell,* for respondent.

PER CURIAM.

On Superior street, Duluth, are two street car tracks. At Seventh Avenue East plaintiff attempted to cross from the north side of Superior street to the south side thereof to board a street car going east. He proceeded to a point between the rails of the west bound track when he stopped to let the street car approaching on the east bound track pass by, as it was

[1]Reported in 193 N. W. 963.

not the car he wished to take. It was mid-winter and on either side of the tracks automobiles had worn deep ruts in the snow and ice. Plaintiff claims that when he was so standing an auto delivery truck, driven by one of the defendants, the servant of the defendant company, without warning drove against him and knocked him down causing serious injuries. Defendants claim that after plaintiff had stopped, he suddenly, when the auto was very near to him, stepped backward, without looking, directly in the path of the auto; that the defendant driver swerved sharply to pass behind him, but that the rear wheels remained in the ruts and the end of the auto truck struck plaintiff. The plaintiff charged negligent management of the auto, great speed and failure to warn. These matters were denied by defendants, who also charged plaintiff with contributory negligence. The verdict was for plaintiff.

The amount of recovery is not challenged, nor are there alleged errors in the rulings in respect to the admission or exclusion of testimony, nor in the statement of the law in the charge. The exception to the counsel's argument to the jury is not made a matter of record so as to be reviewable, and no abuse of discretion is discoverable in the denial of a new trial upon the alleged newly discovered evidence.

The sole error which we may consider is that the evidence does not warrant a recovery, and hence the court should have directed a verdict for defendant, or granted judgment notwithstanding. We think there is evidence of defendant's negligence, and that plaintiff's contributory negligence does not appear as a matter of law. Plaintiff's testimony is positive that he did not step back, heard no warning and that his hearing was good. The motorman on the street car corroborates him in the main. That plaintiff, who was rendered unconscious, does not know what struck him is of no significance. If he stood still and made no sudden move, and the driver of the auto, who admits he saw plaintiff when more than 75 feet from him, did not have such control of the machine that the collision could have been averted, we think the jury might well find the driver guilty of negligence and plaintiff free from contributory negligence. The issues were pure questions of fact, upon which the jury's findings should be final.

The order is affirmed.